1                                               HONORABLE RONALD B. LEIGHTON

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

PACIFIC NORTHWEST REGIONAL
COUNCIL OF CARPENTERS,

                Plaintiff,

       v.

CAICOS CORPORATION,

               Defendant.

Case No. C08-5747RBL

ORDER GRANTING DEFENDANT'S
MOTION TO SET ASIDE DEFAULT
AND DENYING PLAINTIFF'S MOTION
TO ENTER DEFAULT JUDGMENT

     THIS MATTER comes before the Court on Defendant Caicos Corporation's ("Caicos") Motion to Set Aside Default Judgment [Dkt. # 13] and Plaintiff Pacific Northwest Regional Council of Carpenters' Motion for Default Judgment [Dkt. # 9]. For the reasons stated below, the Court GRANTS the defendant's motion and DENIES the plaintiff's motion.

### BACKGROUND

     On January 14, 2008 a previous Caicos employee filed a grievance with plaintiff Pacific Northwest Regional Council of Carpenters ("Union"), alleging that he had not received a final paycheck and was entitled to penalties under the collective bargaining agreement ("Agreement") between Caicos and the Union. On

ORDER
Page - 1

January 22, 2008, two more Caicos ex-employees filed similar grievances and sought the same penalties. Under the Agreement, an employer who fails to promptly pay an employee is required to pay the employee "two hours pay at the appropriate hourly rate for each twenty-four hour period thereafter until payment is made." The Agreement also provides that employees like these three, who quit or are discharged for cause, shall be paid no later than the next regular pay period.

Article 11 of the Agreement also mandates a four-step dispute resolution process when a grievance is filed. [Dkt. # 1, Exhibit A at 22]. In Step One, a Union representative tries to resolve the problem directly with the employer. If the parties fail to reach agreement, the process proceeds to Step Two within fifteen working days. At Step Two, the dispute is referred to a "Board of Conciliation" consisting of two persons appointed by each party who have no direct involvement in the dispute. If these four individuals cannot reach a settlement within seven days, the dispute proceeds to Step Three, in which the matter may be referred to mediation by mutual agreement. If mediation is waived or the parties fail to settle the issue, Step Four requires that the parties pursue arbitration. Step Four provides a method for selecting the arbitrator and stipulates that the expense is equally shared between the parties.

The Union claims that it failed to resolve the grievances at issue at Step One, and subsequently filed Step Two grievances on February 11, 2008. The Union alleges that attempts to move the process to Step Two were unsuccessful because Caicos refused to cooperate. [Dkt. # 1 at 3]. On April 4, 2008, the Union sent Caicos a letter in which it requested that the process be moved to the arbitration process described in Step Four. Caicos responded by letter on April 8, asserting that "the Union has not [*sic*] basis for complaint." [Dkt. # 1, Ex. F at 1]. On May 2, 2008, Caicos sent a second letter to the Union. This letter stated that the April 8th letter detailed Caicos's position that no basis existed for the grievances brought by the employees and that "To date we have not received any reply stating the reasons why there is cause for grievance. Until the facts are considered and addressed arbitration seems inappropriate." [Dkt. # 1, Ex. G at 1].

The Union alleges that Caicos continued to refuse to submit the disputes to the four-step grievance

procedure. On December 15, 2008, the Union commenced this action. The complaint sought attorney fees, costs, and an order compelling arbitration. [Dkt. # 1 at 4]. Caicos was served with a copy of the complaint on January 21, 2009. [Dkt. # 4]. Caicos never answered the complaint or appeared in the action. On February 24, 2009, the Union moved for default, and entry of default was entered on March 2, 2009. [Dkt. # 5, 7]. On April 1, an attorney filed a notice of appearance on behalf of Caicos [Dkt. # 8].

On April 9, the Union moved for an entry of default judgment and attorney's fees. [Dkt. # 9]. Caicos responded [Dkt. # 12 at 3], and moved to set aside the default. [Dkt. # 13]. Caicos attached a declaration from David S. Berry, the president of Caicos. Mr. Berry alleges that Caicos believed the grievances were without merit, and that the Union had selected an arbitrator who charges $1250 per day. [Dkt. # 14 Decl. of Berry at 2]. Mr. Berry alleged that they continued to communicate with the Union's attorneys after the complaint was filed, and that he "hoped to resolve the dispute without formal proceedings and the associated costs," and that he was unaware that default would be entered without notice. *Id.* at 3. The Union opposes Caicos's Motion to Set Aside Default, [Dkt. # 15], and seeks a default judgment compelling arbitration and costs and fees in the amount of $4,050.80 [Dkt. #9].

**DISCUSSION**

Default judgments are disfavored. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Cases should be decided on their merits when possible. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default "for good cause shown." Here, Caicos acted in good faith and was unaware that default could be entered without prior notice. Caicos's communications with the Union evince an intent to defend and/or resolve the dispute. Further, the plaintiff will not be prejudiced by having to litigate the case because it could seek to recover attorney fees if it is correct in its interpretation that Caicos violated the terms of the Agreement. Therefore, setting aside the default is proper. As a result, the Plaintiff's Motion for Default Judgment and Attorney's Fees [Dkt. # 9] is moot.

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Set Aside Default [Dkt. # 13] is GRANTED, and Plaintiff's Motion for Default Judgment and Attorney's Fees [Dkt. # 9] is DENIED.

Dated this 13th day of May, 2009.

_Ronald B. Leighton_
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE