HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PACIFIC NORTHWEST REGIONAL
COUNCIL OF CARPENTERS,

    Plaintiff,

v.

CAICOS CORPORATION,

    Defendant.

Case No. C08-5747RBL

ORDER DENYING PLAINTIFF"S MOTION FOR SUMMARY JUDGMENT AND FOR COSTS AND ATTORNEYS' FEES

THIS MATTER is before the Court on plaintiff Pacific Northwest Regional Council of Carpenters' ("Union") Motion for Summary Judgment and for Costs and Attorneys' Fees against defendant Caicos Corporation ("Caicos"). [Dkt. #21]. For reasons explained below, the plaintiff's Motion is **DENIED**.

## I. Background

On January 14, 2008 Heath Cowing, a former Caicos employee, filed a grievance with the Union, alleging that he did not receive a final paycheck and was entitled to penalties under Article 9 §2(a) of the Collective Bargaining Agreement ("CBA") between Caicos and the Union. On January 22, 2008 two additional ex-employees, Bruce and Adam Cowing, filed similar grievances under Article 9 §1(e) . Under the Article 9 of the CBA, an employer who fails to promptly pay an employee is required to pay the employee "two hours pay at the appropriate hourly rate for each twenty-four hour period thereafter until

ORDER
Page - 1

payment is made." Article 9 §2(a) of the CBA also provides that employees who quit or are discharged for cause shall be paid no later than the next regular pay period. Defendant claims that the three ex-employees fall under Article 9 §2(a).

Article 11 of the CBA mandates a four step dispute resolution process when a grievance is filed. [Dkt. #1, Exhibit A at 22]. In Step One, a Union representative tries to resolve the problem directly with the employer. If the parties fail to reach agreement, the process proceeds to Step Two within fifteen working days. At Step Two, the dispute is referred to a "Board of Conciliation" consisting of two persons appointed by each party who have no direct involvement in the dispute. If these four individuals cannot reach a settlement within seven days, the dispute proceeds to Step Three, in which the matter may be referred to mediation by mutual agreement. If mediation is waived or the parties fail to settle the issue, Step Four requires that the parties pursue arbitration. Step Four provides a method for selecting the arbitrator and stipulates that the expense is equally shared between parties.

The Union claims that the parties failed to resolve the grievances at Step One, and it subsequently filed Step Two grievances on February 11, 2008. The Union alleges that attempts to move the process to Step Two were unsuccessful because Caicos refused to cooperate. [Dkt. #1 at 3]. On April 4, 2008, the Union sent Caicos a letter in which it requested that the process be moved to the arbitration stage. Caicos responded by letter on April 8, asserting that "the Union has no basis for complaint." [Dkt. #1, Ex. F at 1]. On May 2, 2008, Caicos sent a second letter to the Union. This letter stated that the April 8th letter detailed Caicos's position that no basis existed for the grievances brought by the employees and that "to date we have not received any reply stating the reasons why there is cause for grievance. Until the facts are considered and addressed arbitration seems inappropriate." [Dkt. #1, Ex. G at 1].

The Union alleges that Caicos continued to refuse to submit disputes to the four step grievance procedure. On December 15, 2008, the Union commenced this action. The complaint sought attorneys' fees, costs, and an order compelling arbitration. [Dkt. #1 at 4]. Caicos was served with a copy of the complaint on January 21, 2009. [Dkt. #4]. On April 9, 2009 Caicos moved for an entry of default judgment and attorney's fees. [Dkt. #19]. That motion was denied on May 13, 2009. [Dkt. #18]. Plaintiff then moved for a summary judgment and for cost's and attorney's fees on June 18, 2009. [Dkt. #21].

## II. Discussion

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This court does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial. *Id.* at 249. In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [factfinder] could return a [decision] in its favor." *Triton Energy,* 68 F.3d at 1221.

In their complaint, plaintiff states that Heath, Bruce, and Adam Cowing were terminated, arising grievances under Article 9 §2(a) and §1(e) of the Collective Bargaining Agreement ("CBA") [Dkt. #1 at 3]. Plaintiff asks this court to force arbitration, despite the grievance resolution procedures set forth in Article 11 of the CBA. *Id.* Defendant Caicos argues that Bruce and Adam Cowing quit, and that Heath Cowing was discharged for cause. [Dkt. #23 at 1, 2]. It argues that Article 9 §2(b) applies, and that it complied with this provision. *Id.* at 3.

When viewing the facts in the light most favorable to Caicos, there are genuine issue of material facts precluding summary judgment. Article 9 §2(b) of the CBA states that "Employees who are discharged for cause or quit shall be paid not later than the next regular pay period." [Dkt. #22 at 21]. In his declaration, David Berry asserts that Caicos complied with this provision, and did not understand why a grievance was being filed. [Dkt. #24 at 4]. On the other hand the Union suggests that Article 9 §2(a) and §1(e) apply, rather Article 9§2(b).

If the three ex-employees actually were fired for cause, or quit, then there is no legitimate grievance in the matter, and arbitration is not appropriate. Until this material fact is determined, the court

cannot resolve the matter on summary judgment.

Therefore, this Court **DENIES** plaintiff's Motion for Summary Judgment and will not compel arbitration under the CBA.

### V. COSTS AND ATTORNEYS' FEES

The plaintiff requests costs and attorney fees relating to this proceeding. In order to recover attorneys' fees, the plaintiff must show Caicos has acted in bad faith when refusing to arbitrate. *See International Union of Petroleum and Indus. Workers v. Western Indus. Maintenance, Inc.,* 707 F.2d 425 (9th Cir. 1983). The Union has failed to present compelling evidence that Caicos acted in bad faith. Plaintiff's Motion for Costs and Attorney Fees is therefore **DENIED**.

IT IS SO ORDERED this 25th day of August, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE